[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

--------------------------------------

No. 06-10771
Non-Argument Calendar

--------------------------------------

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
January 5, 2007
THOMAS K. KAHN
CLERK

D.C. Docket Nos.
05-60743-CV-WPD & 99-20146-BKC-PG

In Re:  FOREX FIDELITY INTERNATIONAL,

Debtor,

_____

MARIKA TOLZ, TRUSTEE,

Appellant,

versus

WILLIAM GAWLICK,
and PAUL ANDERSON,

Appellees.

----------------------------------------------------------------

Appeal from the United States District Court
for the Southern District of Florida

----------------------------------------------------------------

**(January 5, 2007)**

Before EDMONDSON, Chief Judge, DUBINA and CARNES, Circuit Judges.

PER CURIAM:

This bankruptcy case presents an appeal by the trustee of the debtor, Forex Fidelity International, Inc. ("Forex"), of an order issued by the district court affirming the bankruptcy court's decision not to avoid as preferences certain payments made to Forex's creditors.[1] No reversible error has been shown; we affirm.

Forex, which operated a business for its customers to purchase and trade foreign currency pursuant to a customer account agreement, filed a voluntary petition under Chapter 11 of the Bankruptcy Code on 8 January 1999.[2] In the fall of 1998, less than 90 days before Forex filed for bankruptcy, various customers requested -- and received -- a return of deposits given to Forex. These customers included William Gawlick and Paul Anderson.[3] Marika Tolz, the bankruptcy

---

[1] We note that Tolz v. Hardin, No. 06-10672, another appeal by the trustee in this case, is pending before us. In Hardin, as in the present appeal, Forex's trustee appeals the district court's decision affirming the bankruptcy court's conclusion that transfers made by Forex were not avoidable as preferences. The instant case was not consolidated with the Hardin case by the district court; and these cases have not been consolidated on appeal.

[2] Forex's bankruptcy case was converted to Chapter 7 on 1 March 1999.

[3] The Trustee brought a complaint to recover preferential transfers against each creditor individually; but the bankruptcy court consolidated Gawlick's and Anderson's cases.

trustee for Forex (the "Trustee"), filed complaints against Gawlick and Anderson under 11 U.S.C. § 547(b) to avoid preferential transfers made to them.

In 2000, the bankruptcy court granted summary judgment to Gawlick and Anderson because they met their burden in presenting the affirmative defenses that Forex's payments to them were made in the ordinary course of business under 11 U.S.C. § 547(c)(2) (the "ordinary-course-of-business defense") and that Forex had a broker-client relationship with them under 11 U.S.C. § 546(e) (the "stockbroker defense"). In reaching these conclusions, the bankruptcy court also determined that it was not necessary to decide whether Forex engaged in a Ponzi scheme with Gawlick and Anderson.

The Trustee appealed the bankruptcy court's decision; and on appeal, the district court determined that the bankruptcy court erred in not determining whether Forex had engaged in a Ponzi scheme. The district court explained that neither the ordinary-course-of-business defense nor the stockbroker defense applied to Ponzi schemes. The district court remanded the case for the bankruptcy court to determine in the first instance whether Forex had engaged in a Ponzi scheme with Gawlick and Anderson.

In 2004, the bankruptcy court consolidated Gawlick and Anderson's case with the case of other transferees (the "Hardin defendants") for a bench trial.

3

After the trial, the bankruptcy court issued an order in Gawlick and Anderson's case that determined Forex had not engaged in a Ponzi scheme because the record did not show that Forex guaranteed its investors, including Gawlick and Anderson, a high rate of return on their investment nor that funds from later clients were used to pay returns to Forex's earlier investors. Based on this determination, and the court's 2000 decision that the ordinary-course-of-business defense and the stockbroker defense otherwise applied in this case, the bankruptcy court concluded that the Trustee could not avoid transfers made from Forex to Gawlick and Anderson.[4]

In an appeal to the district court, the Trustee argued that the district court should reverse the bankruptcy court's conclusion that the stockbroker defense and the ordinary-course-of-business defense applied to Gawlick and Anderson. The Trustee also contended that the bankruptcy court had erred in concluding that Forex had not operated a Ponzi or Ponzi-type scheme. The district court affirmed the bankruptcy court on all claims.

---

[4]About the Hardin defendants, the bankruptcy court issued an order in their case after the bench trial explaining that the Hardin defendants had met their burden on the ordinary-course-of-business defense but not on the stockbroker defense. Based on the ordinary-course-of-business defense, the bankruptcy court determined that the Trustee could not avoid transfers made to the Hardin defendants.

4

On appeal, the Trustee argues that the ordinary-course-of-business defense does not apply to the transactions that Forex conducted with Gawlick and Anderson. Because we are the "second court of review of a bankruptcy court's judgment," we examine independently the bankruptcy court's factual and legal determinations; and we use the same standards of review as the district court. In re Issac Leaseco, Inc., 389 F.3d 1205, 1209 (11th Cir. 2004).

"A determination of ordinary business terms under section [547(c)(2)] is a question of fact subject to the clearly erroneous standard of review. A conclusion by the district court that the factual findings of the bankruptcy court are not clearly erroneous is normally entitled to some persuasive weight." Id. (internal quotation and citation omitted). And "[c]lear error is a highly deferential standard of review." Holton v. City of Thomasville Sch. Dist., 425 F.3d 1325, 1350 (11th Cir. 2005). A "finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Anderson v. City of Bessemer City, 105 S.Ct. 1504, 1511 (1985) (internal quotation omitted). "This standard plainly does not entitle a reviewing court to reverse the finding of the trier of fact simply because it is convinced that it would have decided the case differently." Holton, 425 F.3d at 1351 (quotation omitted).

Under 11 U.S.C. § 547(b), a trustee may avoid preferential transfers made "to or for the benefit of a creditor" by the debtor on or within 90 days before the debtor filed his bankruptcy petition. But a trustee may not avoid some transfers:

> (A) in payment of a debt incurred by the debtor in the ordinary course of business or financial affairs of the debtor and the transferee;
> (B) made in the ordinary course of business or financial affairs of the debtor and the transferee; and
> (C) made according to ordinary business terms.

11 U.S.C. § 547(c)(2) (1999).[5] The purpose of the ordinary-course-of-business defense is "to leave undisturbed normal financial relations." In re Craig Oil Co., 785 F.2d 1563, 1566 (11th Cir. 1986) (internal quotation omitted). The defense "should protect those payments which do not result from unusual debt collection or payment practices." Id.

A creditor who asserts the ordinary-course-of-business defense has the burden of showing each of the three elements of 11 U.S.C. § 547(c)(2). "Although the first two elements of the defense pertain to the conduct of the parties toward one another, the third element involves a broader inquiry." Issac Leaseco, 389 F.3d at 1210. Therefore, about the third element, "[a] creditor must show that the

---

[5]Like the bankruptcy court and district court, we apply the version of section 547 in effect when Forex filed its bankruptcy petition.

6

disputed transaction was made both in the course of regular dealings between the parties and in accordance with the standards of the relevant industry." Id.

In this case, the Trustee contends that Gawlick and Anderson failed to produce evidence that Forex's payments to them -- after they asked for a return of their account funds -- conformed with industry standards, as is required to satisfy the third element of the ordinary-course-of-business defense.[6] The record in this case contains an affidavit completed in 2000 by Roderick Hudnell, a certified securities broker, who stated that standard investment industry practice included investment clients asking for withdrawal of the funds in their investment account.[7] The Trustee has not persuaded us that the district court's conclusion -- that Forex's transactions with Gawlick and Anderson satisfied the requirements of the ordinary-course-of-business defense -- was clearly erroneous.

---

[6]The Trustee also argues that the Hardin defendants did not produce evidence in support of the first two elements of the ordinary-course-of-business defense because they were investors with Forex and not creditors of Forex. The Trustee makes no argument that Gawlick and Anderson failed to produce evidence in support of the first two elements of the ordinary-course-of-business defense. And we note that, in our Tolz v. Hardin decision, we rejected the Trustee's claim that the Hardin defendants did not meet the burden of proof on these elements.

[7]The Trustee argues that the district court improperly relied on the Hudnell affidavit in this case because this affidavit was not admitted during the 2004 bankruptcy court trial. This argument is unavailing because Hudnell's affidavit was submitted to the bankruptcy court in 2000, when the court was considering Gawlick and Anderson's motion for summary judgment based on the ordinary-course-of-business defense. And the Trustee specified Hudnell's affidavit in the designation of items to be included in the record on appeal in Gawlick and Anderson's case.

The Trustee next argues that Forex operated a Ponzi or "Ponzi-type" scheme and that, as a result, the transfers made from Forex to Gawlick and Anderson could not have been made in the ordinary course of business. We review the bankruptcy court's factual determination that Forex did not operate a Ponzi scheme for clear error. See In re Club Associates, 951 F.2d 1223, 1228 (11th Cir. 1992)("Factual findings by the bankruptcy court are reviewed under the limited and deferential clearly erroneous standard."). "[A] Ponzi scheme is a phony investment plan in which monies paid by later investors are used to pay artificially high returns to the initial investors, with the goal of attracting more investors." United States v. Silvestri, 409 F.3d 1311, 1317 n.6 (11th Cir. 2005) (quotation omitted); see also Cunningham v. Brown, 44 S.Ct. 424 (1924) (providing origin for "Ponzi scheme").

The Trustee cites the affidavit of Bruce Prestin, an accountant who reviewed Forex's books and records for the Trustee before the 2004 bankruptcy court trial. In his affidavit, Prestin stated, among other things, that money received by Forex from Gawlick and Anderson was co-mingled. The Trustee also relies on the trial testimony of Mark Singer, who worked for Forex and testified that Forex was

underfunded.[8]  Even though the record indicates that Forex may not have operated

a well-run business, we cannot say -- based on the record properly before us -- that

the bankruptcy court clearly erred in determining that Forex did not operate a

Ponzi or Ponzi-type scheme.

Therefore, we conclude that the bankruptcy court did not clearly err in

determining that the ordinary-course-of-business defense applied in this case; and

we affirm the denial of the Trustee's complaints to avoid preferential transfers

made to Gawlick and Anderson.[9]

AFFIRMED.

---

[8]As she did in the Hardin appeal, the Trustee cites the deposition testimony of N.R. Karve in the instant case.  But Karve's deposition testimony does not appear in the record on appeal in Gawlick and Anderson's case; and we decline to consider it.

[9]Because we have determined that the ordinary-course-of-business defense  -- which prevents the Trustee from avoiding transfers to Gawlick and Anderson as preferential -- applies in this case, we need not consider the Trustee's argument that the bankruptcy court erred in determining that the stockbroker defense applied.